**In re Mary-Michaele MORRISSEY, Debtor.**

**No. 83–00629–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

March 9, 1984.

John C. Somers, Woodbridge, Va., for debtor.

Paul B. Ward, McLean, Va., for Gabeler & Gastley.

Gerald M. O'Donnell, Alexandria, Va., trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

Mary-Michaele Morrissey, debtor herein, filed a petition for relief under Chapter 13 of the Bankruptcy Reform Act of 1978 ("the Code") on May 20, 1983. Upon the motion of the Trustee in Bankruptcy, this Court converted the debtor's case to a liquidation proceeding under Chapter 7 of the Code on January 11, 1984. Before conversion of the instant case, a disputed issue arose on which the concerned parties have submitted briefs.

The issue presented pertains to the propriety of this Court allowing post-petition interest on a claim held by creditor, Gabeler & Gastley, a law firm which previously had represented the debtor. In addition, the creditor has objected to the confirmation of the debtor's plan of reorganization. Because of the subsequent conversion of the debtor's case, any issues regarding the confirmation of the debtor's proposed plan of reorganization are moot.

On December 19, 1982, the Circuit Court for the County of Fairfax entered a judgment against debtor in favor of the creditor in the amount of $6,760.32 plus the judgment rate of interest from November 3, 1982. At the time of the judgment, the judgment rate of simple interest was 10% per annum. Code of Virginia § 6.1–330.10 (Repl.Vol.1983). As noted above, debtor filed her petition for relief five months after the judgment was rendered and the lien was docketed.

State law provides that a money judgment rendered by a state or federal court results in a lien on the defendant's real property upon the docketing of the judgment lien. Code of Virginia § 8.01–458 (Repl.Vol.1977); see In re Hart, 24 B.R. 821, 824 (Bkrtcy.E.D.Va.1982). In the instant case, creditor's lien was docketed December 28, 1982. Thus, creditor's claim is secured by a lien on debtor's real property, her principal residence.

The Code indicates that an allowed secured claim is secured to the extent

of the creditor's interest in the estate's interest in the property. 11 U.S.C. § 506(a). The filing of a proof of claim is prima facie evidence of a claim and is allowed unless a party in interest objects to the claim's allowance. 11 U.S.C. § 502(a). In this instance, the debtor has listed the principal amount of the debt as undisputed and no other party in interest has objected to the creditor's claim[1]. In addition to the principal amount of the judgment, the creditor included in its proof of a claim an amount of interest computed to June 3, 1983 and a claim for court costs. Debtor has objected to the inclusion of post-petition interest but has not addressed the amount of interest accrued from November 3, 1982 to the petition date, May 20, 1983, nor the claim for the court costs. There is no doubt, however, that the principal amount of the claim is undisputed and, therefore, allowed.

Debtor lists in her petition her principal residence. The indicated value of the real property is $100,000.00. Debtor also lists one secured creditor who holds a first deed of trust note secured by the property in the amount of $39,394.84. Thus, debtor has an equity interest in the real property in excess of $60,000.00. The foregoing clearly indicates that the value of the estate's interest in the property greatly exceeds the value of the undisputed principal amount owing to the creditor.

The creditor claims that an allowance of post-petition interest is proper under section 506(b) of the Code. Section 506(b) provides for the allowance of post-petition interest when the value of the property securing a claim is in excess of the total amount claimed. 11 U.S.C. § 506(b). Debtor maintains that post-petition interest properly is allowable only on a debt secured by a consensual lien.

■ Upon careful reading of section 506(b) and a close examination of all applicable authorities, this Court is of the opinion that the Code permits post-petition interest to oversecured holders of all valid

liens, consensual or otherwise, but that fees, costs or charges are allowable only when the claim arose from an underlying agreement providing for such additional items. Such an interpretation necessarily follows from the language of section 506(b). *But see In re Flying W Airways, Inc.,* 2 BCD 244, 8 CBC 117 (Bkrtcy.E.D.Pa.1976). The section provides in pertinent part that "there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose." 11 U.S.C. § 506(b). Such an interpretation of the statute is in keeping not only with the plain language of the section but also with the intent of Congress as evidenced by the legislative history of the Bankruptcy Code.

■ The two major purposes of the Code are to provide debtors with a "fresh start" and to provide for the fair and equitable distribution of assets to creditors. 1 Bkr.L. Ed.Summary § 1.1, p. 4–7 (1979). To foster the policy of providing the debtor with a fresh start, the general rule is that unmatured interest at the time of the filing of the petition is not allowed as a part of a claim against the debtor's estate. *See* 11 U.S.C. § 502(b)(2). However, an allowance of post-petition interest on an oversecured claim does not have a "chilling effect" on the debtor and provides a distribution to the creditor of the full and proper amount of its claim.

Debtor cites one case, *In re Burns,* 16 B.R. 757 (Bkrtcy.M.D.Ga.1982), in support of her position. The *Burns* case is easily distinguishable from the instant case. In *Burns,* the court was addressing an award of attorneys' fees. After noting that there was no other provision in the Code for attorneys' fees of the nature sought in *Burns,* the court turned to section 506. The court held that the creditor was not entitled to attorneys' fees because the recovery allowed under section 506(c), on which the court focused as a prerequisite to the full

---

1. Although debtor listed Gabeler & Gastley's claim as unsecured, there can be no doubt that creditor's claim is secured by a judgment lien on the property which is valid under the Bankruptcy Code. *See* Code of Virginia § 8.01–458 (Repl.Vol.1977); 11 U.S.C. § 506(a).

implementation of section 506(b), had not occurred. *Id.* at 760. The *Burns* court focused on the language of section 506(b) which provided a priority to the expenses of a sale under section 506(c). *Id.* Because the trustee had not disposed of the " 'property securing an allowed secured claim' ", the *Burns* court continued, there could be no allowance of attorneys' fees under section 506(b). *Id.* (Citation omitted in original.)

In the instant case, the value of the real property securing creditor's debt is greatly in excess of the amount of the lien. Thus, an allowance of simple interest at the judgment rate of 10% per annum computed to the date of payment of the claim by the Trustee in Bankruptcy is proper in this instance and will be allowed. *See* 3 *Collier on Bankruptcy,* ¶ 502.02, p. 502–33 to 502–34 (15th ed. 1983). Interest will be granted on the amount of the allowed secured claim, i.e. $6,760.32, to be calculated from November 3, 1982.

The creditor also seeks court costs in the amount of $51.00. State law allows court costs upon final judgment. Code of Virginia § 14.1–178 (Repl.Vol.1978). Court costs as a part of the judgment are covered by the lien and, as a result, will be allowed as a secured claim. There is no authority permitting interest on court costs and, therefore, the award of costs shall not bear interest. *See, Scott v. Doughty,* 130 Va. 523, 526–27, 107 S.E. 729, 730 (1921); 5A *Michie's Jurisprudence,* Costs § 17, p. 38 (Repl.Vol.1976).

An appropriate Order will enter.