**In re Cecil E. TRENT and Freida O. Trent, Debtors.**

**No. 684–00362–L.**

United States Bankruptcy Court, W.D. Virginia, Lynchburg Division.

Sept. 11, 1984.

---

Hugh J.M. Jones, III, Lynchburg, Va., for debtors.

Leslie E. Allen, III, Lynchburg, Va., for Lynchburg Postal Credit Union, Inc.

Laurence P. Morin, Lynchburg, Va., Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

Lynchburg Postal Credit Union, Inc. (the Credit Union), the holder of a claim against the debtors secured by a judgment lien against real property of the debtors, asserts entitlement to postpetition interest under 11 U.S.C. § 506(b) and objects to confirmation of the debtors' Chapter 13 plan based on 11 U.S.C. § 1325(a)(5)(B)(ii).

### FACTS

The facts of this case are not in dispute. The debtors executed an unsecured note on November 10, 1978, payable to the Credit Union in the amount of $15,926.11. On November 1, 1983, in the Circuit Court for the City of Lynchburg, Virginia, the Credit Union obtained a judgment against the debtors for a total amount of $22,060.23 based on their default on this note. On November 14, 1983, that judgment was docketed in the Clerk's Office of the Circuit Court of Campbell County, Virginia, thereby perfecting a judgment lien on the debtors' real estate located in Campbell County, Virginia. See Va.Code § 8.01–458.

The debtors filed their Chapter 13 petition on May 18, 1984. The filed amended plan of the debtors proposes to pay all secured creditors except the Credit Union outside the plan. The value of the debtors' unencumbered equity in the real estate to which the judgment lien of the Credit Union attached greatly exceeds the amount of the claim now secured by it.

### ISSUES

I. Does 11 U.S.C. § 506(b) entitle the Credit Union to postpetition interest as part of its secured claim?

II. Does the Chapter 13 plan as proposed by the debtors comply with the requirements of 11 U.S.C. § 1325(a)(5)(B)?

### CONCLUSIONS OF LAW

■ I. At issue here is the interpretation of 11 U.S.C. § 506(b).

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

11 U.S.C. § 506(b). Although the claim of the Credit Union is a "secured claim" for its entire amount under the provisions of 11 U.S.C. § 506(a) and is "secured by property the value of which .. is greater than the amount of such claim ...", it is the

opinion of the Court that the Credit Union is not entitled to postpetition interest on its claim under 11 U.S.C. § 506(b).

The legislative intent of 11 U.S.C. § 506(b) was to codify pre-Code case law. *In re United Merchants & Manufacturers, Inc.*, 674 F.2d 134, 138 (2d Cir.1982). Viewed from this perspective it is apparent that the grammatically correct reading of this somewhat ambiguously drafted statute is that the clause "... provided under the agreement under which such claim arose" modifies the clause "... interest on such claim ..." as well as the clause "... any reasonable fees, costs, or charges ..." *Collier on Bankruptcy* (15th Ed.) ¶ 506.05. As such the entire provision seems to contemplate a secured claim created by voluntary agreement between the debtor and the holder of the secured claim.

11 U.S.C. § 506(b) codifies one of three pre-Code exceptions to the prohibition of payment of postpetition interest on claims. Under pre-Code law payment of postpetition interest was allowed "... where the amount of the secured creditor's security is sufficient to satisfy both the principal and interest due on the secured claim." *In re Boston and Maine Corp.*, 719 F.2d 493, 496 (1st Cir.1983). *In re United Merchants & Manufacturers, Inc.*, supra. However, the cases draw a distinction between voluntarily created contractual liens and statutory liens. *In re Boston and Maine Corp.*, supra at 497.

The Fourth Circuit Court of Appeals has interpreted this "over-secured creditor" pre-Code exception to the denial of postpetition interest on claims "... not ... to extend ... beyond the area of contractual debts to statutory liens ...." *United States v. Harrington*, 269 F.2d 719, 724 (4th Cir.1959). Therefore this Court will not extend the application of 11 U.S.C. § 506(b) to allow payment of postpetition interest as part of the claim of the Credit Union which is secured by a statutory judgment lien.

■ II. The Credit Union has also objected to confirmation of the proposed amended plan of the debtors on the grounds that the plan does not meet the requirements of 11 U.S.C. § 1325(a)(5)(B).

"The Court shall confirm a plan if ... with respect to each allowed secured claim provided for by the plan .. (i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim ..."

11 U.S.C. § 1325(a)(5)(B). In the absence of acquiescence in the plan by the holder of a secured claim provided for in the plan or surrender of the property securing the claim by the debtor, the requirements of 11 U.S.C. § 1325(a)(5)(B) must be met before the Court will confirm a plan. The debtors' proposed amended plan as it is presently before the Court does not meet these requirements.

■ 11 U.S.C. § 1325(a)(5)(B)(i) requires that a plan providing for an allowed secured claim state that the lien securing such claim is retained by its holder. This plan, as it is presently before the Court, does not so provide for the judgment lien of the Credit Union on the debtors' Campbell County, Virginia real estate.

11 U.S.C. § 1325(a)(5)(B)(ii) requires that a plan providing for an allowed secured claim must propose to distribute property thereunder on account of such claim in an amount the present value of which is not less than the allowed amount of such claim. This requires a determination of the time value of money to be paid in the future under the plan. More is required than that the sum of all payments made on account of a secured claim equal the allowed amount of that claim. Future payments to be made under the plan must be discounted to determine their "present value" and the total of the present values of all payments made on account of a secured claim provided for under the plan must at least equal the allowed amount of that claim.

The Court finds, based on present commercial interest rates and treasury bill interest rates, that an annual discount rate of 12% accurately reflects the actual time value of future payments of money. An annual interest rate of 12% (compounded annually) is equal to a monthly rate of .949% (compounded monthly).* At this discount rate the present value of three years of monthly payments of $500 beginning one month hence is $15,187.10.** Therefore, even if the Credit Union's claim were paid in full from the plan proceeds before any payment to the unsecured creditors or administrative expenses the Credit Union would not receive the present value of the amount of its allowed secured claim ($17,-196.45) within three years as counsel for the debtor suggests. If the Court allowed the debtors to extend their plan to 45 months as requested the present value of all the $500 payments would only be $18,-243.19 and $471.31 of each such payment would have to be applied toward the claim of the Credit Union for the requirements of 11 U.S.C. § 1325(a)(5)(B)(ii) to be met. This would leave little excess for the unsecured creditors and administrative expenses and certainly not enough to carry out the terms of the plan as it is presently before the Court.

As such, it is the opinion of the court that the present proposed amended Chapter 13 plan of the debtors shall not be confirmed. The debtors are granted leave to promptly amend their plan to comply with the guidelines of U.S.C. § 1325(a)(5)(B).

---

* "If interest is compounded once in each payment interval at the rate $c$ per interval, then compound interest at rate $c$ gives the same value as compound interest at rate $r$ with its corresponding conversion period provided $c$ is selected so that ...

$$c = (1 + r)^{1/p} - 1 \dots"$$

Where:

$r$ = rate per conversion period (in this case 12%)

$p$ = number of payment intervals in each conversion period (in this case 12 months per year) (interest rates expressed as decimals)

Burington, *Handbook of Mathematical Tables and Formulas* (5th Ed.) Table 23 (p. 11)

** The present value $P$ of monthly payments of $N$ at the end of each month for $n$ months, beginning one month hence (assuming that in successive months the amount not yet paid out has a monthly discount value rate of $c$, compounded monthly) is:

Burington, *Handbook of Mathematical Tables and Formulas* (5th Ed.) Table 216 (p. 10).