**In re BEST REPAIR COMPANY, INC., Debtor.**

**Bankruptcy No. 83–00996–N.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

April 10, 1985.

---

Stuart L. Nachman, Kalfus & Nachman, Norfolk, Va., for Best Repair.

Stuart M. Fischbein, Washington, D.C., for I.R.S.

### ORDER ALLOWING THE INTEREST CLAIM OF THE INTERNAL REVENUE SERVICE

HAL J. BONNEY, Jr., Bankruptcy Judge.

This came on to be heard upon a Motion filed by the debtor, Best Repair Company, Inc., to determine the tax liability it has to the United States of America through its Internal Revenue Service.

The debtor and the Internal Revenue Service have reached agreement in certain areas, but the debtor was of the opinion that it should not have to pay interest post-petition on what in reality is a secured claim that the Internal Revenue Service has on certain property, where the value of the property exceeds the claim of the Internal Revenue Service.

Many cases were cited by counsel for both sides; however, the Court did not find them particularly helpful or sufficient reason for deciding the case one way or the other. The "old law" used to be that such interest was clearly not allowed, except under two circumstances which I find not to be pertinent here. *United States v. Harrington*, 269 F.2d 719 (4th Cir.1959). For a long time this was good Fourth Circuit law and worthy to be followed. But we come to the "new law," better known as the Bankruptcy Code, which became effective in 1979. The pertinent section there is 11 U.S.C. § 506(b).

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The Court feels that this rises higher than any other aspects of the Code, if any.

The Court feels that the law is quite plain though there are certainly cases which seem to twist it out of kilter. The undersigned remembers very clearly, as part of the legislative background, that it was the intent to strengthen the position of a secured creditor in such instances. Certainly, too, the Internal Revenue Service was active in the legislative background, as I recall, and was anxious to see the law changed as I believe it was. § 506(b) is plain in its intent. Why should a court try to read something else into it.

Therefore, the Motion of the debtor cannot be granted; the Internal Revenue Service is entitled to the interest it claims.

IT IS SO ORDERED.