**In re BEST REPAIR COMPANY, INC.,
Debtor/Appellant.**

Civ. A. No. 85–321–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 24, 1985.

Stuart L. Nachman, Norfolk, Va., for debtor/appellant.

Stuart M. Fischbein, Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

## ORDER

DOUMAR, District Judge.

This matter comes on the appeal of the Chapter 11 bankrupt debtor, Best Repair Company, Inc., from an adverse order of the Bankruptcy Court entered April 10, 1985, allowing the appellee, Internal Revenue Service, recovery for "postpetition" interest on its secured tax claim against Best Repair.

The Court here is faced with a purely legal issue, as the question was stipulated in the Bankruptcy Court as laid out in the following paragraph.

The Internal Revenue Service obtained a tax lien against the debtor's realty. Pursuant to a valid proof of claim filed at the petition date of the debtor, this secured claim totaled $57,838.26 (original tax—$7,146.76, penalty—$19,220.43, interest—$31,489.06). The parties are in agreement that the nonconsensual lien was a secured claim and that the property had sufficient equity to satisfy the amount of any *post-petition* interest additionally claimed by the government. (Bankruptcy Transcript at 4).

The disagreement is that the government claims that it is entitled postpetition interest on the secured claim, whereas the debtor argues to the contrary. The Bankruptcy Court agreed with the government and allowed the postpetition interest.

The debtor relies on the rule that the bankruptcy petition freezes the accrual of interest on outstanding tax claims, *City of New York v. Saper*, 336 U.S. 328, 330, 69 S.Ct. 554, 555, 93 L.Ed. 710 (1949); and the widely-cited decision of *United States v. Harrington*, 269 F.2d 719 (4th Cir.1959) where former Chief Judge Sobeloff rejected a claim of postpetition interest by the government on its secured tax lien.

In *Harrington*, the Court noted that generally interest upon claims does not accrue after the filing of the bankruptcy petition, with the two (then) well-established exceptions: (1) where the bankrupt ultimately proves to be solvent, and (2) where securities, held by the creditor, themselves produce income after the filing of the petition. *Id.* at 720. The Court cited a prior Fourth Circuit decision where Judge Parker said:

The equitable considerations which justify denying post bankruptcy interest on tax claims in the case of reorganization proceedings are quite as strong as for denying it in straight bankruptcy pro-

ceedings. The real reason in either case is that the delay resulting from the institution of the proceeding should not be permitted to benefit one class of creditors at the expense of another, but that the rights of all should be determined as of the commencement of the proceeding. * * *

*Id.* at 721 (citation omitted). The court rejected the government's argument that a third exception should be carved out to allow postpetition interest to secured creditors where the value of the security exceeded the principal of the claim. *Id.* at 722–23. The court concluded:

> To allow the Government interest on its tax claim until payment would be to penalize the remaining creditors because of a delay necessitated by law.

*Id.* at 723.

The government concedes that *Harrington* is factually on point with this case. However, it claims that 11 U.S.C. § 506(b), enacted pursuant to the Bankruptcy Code of 1978, is a subsequent legislative modification of cases such as *Harrington* which disallowed postpetition interest on tax lien claims. Sec. 506(b) reads:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section [trustee's costs and expenses], is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The Bankruptcy Court order of April 10, 1985 held that "[f]or a long time [*Harrington* ] was good Fourth Circuit law and worthy to be followed. But we come to the 'new law', better known as the Bankruptcy Code ... [and] [t]he pertinent section there is 11 U.S.C. § 506(b)." *In re Best Repair Co.*, 51 B.R. 33, 34 (Bankr.E.D.Va. Apr. 10, 1985). Relying on the language of § 506(b), the Bankruptcy Court permitted the Internal Revenue Service to recover postpetition interest.

However, § 506(b) is not as clear as it seems on first blush. The government argues that the crucial phrase "interest on such claim," refers to the prior phraseology in the subsection. Such construction would seem to permit interest on *any* secured claim regardless of whether the debtor had bargained to pay interest in the underlying agreement or whether the claim grew out of a nonconsensual tax lien. Best maintains that the clause "interest on such claim," though followed by a comma, is intended to combine with the latter clause which reads "and any reasonable fees, costs, or charges provided for *under the agreement* under which such claim arose." (emphasis added). Best insists that under this interpretation interest would be available along with reasonable fees, costs or charges *only if the secured claim was consensual.* Under this view a nonconsensual tax lien would not qualify for postpetition interest.

The imperfect drafting of this subsection is confirmed by the following discussion in *Collier on Bankruptcy:*

> The sentence structure of section 506(b) contains an ambiguity that has created some confusion over the applicable rate for computing interest to be allowed under section 506(b). The phrase "interest on such claim" is separated by a comma from the phrase "and any reasonable fees, costs, or charges provided under the agreement under which such claim arose." *Such separation apparently derived from the need the drafters felt to make clear that interest was to be allowed only to the extent it accrued on the claim (as opposed to any other amount). However, such separation raises the question of whether the phrase "provided under the agreement under which such claim arose" applies to "interest on such claim" or only to "any reasonable fees, costs, or charges."*
>
> Notwithstanding the misplaced comma or commas, postpetition interest should be computed at the rate provided in the agreement under which the claim arose,

the so-called "contract rate" of interest. The great majority of courts which have considered the issue have utilized the contract rate, and this result appears consistent with prior case law. The legislative history offers little guidance because, while evidencing a Congressional intent to codify pre-existing case law with respect to entitlement to reasonable fees, costs, or charges provided under the agreement under which the claim arose, it does not refer to interest.

3 Collier on Bankruptcy § 506.06 at 506–36 to 37 (15th ed. 1984) (footnotes omitted) (emphasis added). Collier indicates that the "confusing comma" was likely intended to clarify that interest would accumulate on the claim, as opposed to accumulation on any fees, charges or costs under the agreement. This interpretation tends to support a view that the section contemplates postpetition interest on voluntary or contractual secured claims only.

The Court has reviewed the entire legislative history; however, it is wholly inconclusive. It merely states that the subsection "codifies current law ... [with respect] to any reasonable fees (including attorney's fees), costs, or charges provided under the agreement...." *See* Bankruptcy Reform Act of 1978, S.Rep. No. 95–989 at 68, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Adm.News at 5787, 5854. No reference to interest is found.

Undeniably, § 506(b) is full of ambiguity, and the recent case law is split on its interpretation. *See e.g., In re United Merchants & Manufacturers, Inc.,* 674 F.2d 134, 138 (2nd Cir.1982) (506(b) codifies pre-Code law that oversecured creditor can assert right to interest and costs arising under its *credit agreement*); *In re Trent,* 42 B.R. 279, 281 (Bankr.W.D.Va. (1984)) (506(b) contemplates postpetition interest on oversecured claims based only on voluntary agreement, following *Harrington*); *contra: In re Morrissey,* 37 B.R. 571 (Bankr.E.D.Va.1984) (506(b) permits postpetition interest to oversecured claims based on valid liens, consensual or otherwise, without mention of *Harrington*).

The wisdom of the *Harrington* case remains vital today, notwithstanding the passage of § 506(b). Faced with the recent and ambiguous subsection, 11 U.S.C. § 506(b), on the one hand, and a prior Fourth Circuit decision squarely on point, *United States v. Harrington, supra,* this Court will follow the Fourth Circuit case which rejected postpetition interest on non-consensual, oversecured tax claims. The Court construes § 506(b) as authorizing such postpetition interest only if bargained for under a consensual agreement between the creditor and the debtor. The judgment of the Bankruptcy Court is REVERSED and the government's claim of postpetition interest is DENIED.

IT IS SO ORDERED.