## In re HENZLER MANUFACTURING COMPANY, Debtor.

### John J. HUNTER, Trustee, Plaintiff,

### v.

### The OHIO CITIZENS BANK, et al., Defendants.

### Bankruptcy No. 83–00913. Adv. No. 83–0354.

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 18, 1985.

---

Theodore Gersz, Toledo, Ohio, for debtor.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio, for U.S.

Marvin A. Robon, Toledo, Ohio, for Ohio Citizens.

John J. Hunter, Toledo, Ohio, trustee/plaintiff.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Plaintiff's motion for summary judgment and upon the defendant United States of America's cross motion for summary judgment to determine whether the United States of America, having perfected its tax lien on personal property of the Debtor that is valued in excess of the lien claim of the United States, is entitled to recover post petition interest on such lien, pursuant to 11 U.S.C., § 506(b). The Court finds that under § 506(b) the Bankruptcy Code provides for post petition interest on any oversecured claim and, therefore, the Plaintiff's motion should be denied and Defendant's motion granted.

## FACTS

The Plaintiff, John J. Hunter, Trustee, filed a motion for summary judgment on September 12, 1985, wherein he advanced the argument that the United States is not entitled to post-petition interest on its tax claim under § 506(b) since the United States' tax lien did not arise as the result of any agreement between the Debtor and the United States. The Plaintiff draws the conclusion that § 506(b) does not apply to non-consensual liens, and as such, the United States is not entitled to post-petition interest on its tax lien in this case.

The secured claim of the United States is for federal withholding and FICA taxes due and owing from the Debtor for the quarterly tax periods ending March 31, 1982, June 30, 1982 and September 30, 1982, and for FUTA taxes for the tax year ending December 31, 1982. The United States has a valid lien for the taxes upon the personal property of the Debtor (or the proceeds from any sale thereof), having filed its Notices of Federal Tax Liens on November 17, 1982 and on January 24, 1983, in the Office of the County Recorder for Lucas County, Ohio. The United States has filed a proof of claim asserting a secured claim for these liabilities in the amount of $65,037.72. The value of the property securing the perfected claim of the United States exceeds the value of the claim.

## DISCUSSION

Section 506(b) of the Bankruptcy Code provides:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The Plaintiff argues that "a logical reading of the statute would be that interest is to be provided for as in the bargain in the contract just as fees, costs or charges would be had under the contract under 506(b)." (Plaintiff's Memorandum p. 2). Thus, where there has been no arms length

negotiation which resulted in a provision in the contract which specifically provided interest the Plaintiff would deny an over secured creditor interest. As support for the position that § 506(b) does not apply to non-consensual liens the Plaintiff relies on *In re Best Repair Company, Inc.*, 50 B.R. 386 (E.D.Va.1985) (presently on appeal to the 4th Circuit Court of Appeals) and *In re Trent*, 42 B.R. 279 (W.D.Va.1984).

*Best* is a decision from a District Court in the 4th Circuit which relies heavily upon the pre code 4th Circuit case of *United States v. Harrington*, 269 F.2d 719 (1959). The Court held in *Best* that "the wisdom of the *Harrington* case remains vital today, notwithstanding the passage of § 506(b), on the one hand, and a prior Fourth Circuit decision squarely on point, *United States v. Harrington, supra*. This Court will follow the Fourth Circuit case which rejected post petition interest on non-consensual, oversecured tax claims." *Best, supra*, at 388. This Court neither finds § 506(b) ambiguous nor the pre code Harrington case on point and thus chooses not to follow *Best*. Instead, this Court finds the numerous cases interpreting § 506(b) to allow post petition interest on any oversecured claim persuasive and chooses to adopt their opinions.

In the recent Sixth Circuit Court of Appeals case, *In re Colegrove*, 771 F.2d 119 (1985), the Court ruled on whether a Bankruptcy Court erred in confirming the Chapter 13 Debtors proposed plan dealing with a secured creditor without any provision for interest on the arrearage. In *Colegrove* the Court held that interest was allowable under § 506(b) and § 1325(a). The Court stated § 506(b) "provides for interest on *all* allowed secured claims where the value of the security is greater than the claim." (Emphasis added). *Colegrove, supra*, at 121. Thus it appears the Sixth Circuit only looks to whether the creditor is over secured and has decided not to require a consensual agreement to allow post petition interest.

The case of *In re Morrissey*, 37 B.R. 571 (Bankr.E.D.Va.1984) considered the question of whether post-petition interest is allowable on a non-consensual lien. That Court held § 506(b) "permits post-petition interest to oversecured holders of all valid liens, consensual or otherwise, but that fees, costs or charges are allowable only when the claim arose from an underlying agreement providing for such additional items." *In re Morrissey, supra* at 573. Furthermore, the Court considered the necessity of providing Debtors with a "fresh start." On that issue the Court stated "an allowance of post-petition interest on an oversecured claim does not have a "chilling effect" on the Debtor and provides a distribution to the creditor of the full and proper amount of its claim." *In re Morrissey, supra* at 573. This Court agrees with the decision and the rationale of *Morrissey*.

The parties in *In re Loveridge Mach. & Tool Co., Inc.*, 36 B.R. 159 (Bankr.D.Utah 1983) as in the present matter advanced explanations of the grammatical structure of § 506(b) in an effort to bolster their different interpretations of it. The Court in *Loveridge, supra* at 162, rejected those theories as unnecessary and explained "§ 506(b) treats interest on 'an allowed secured claim.' An allowed secured claim may arise not only from a contract, but also from a non-contractual obligation which has become a lien on property . . . . If there is no agreement, then fees, costs, and charges are not allowable. But whether or not the claim arises from a contract or not interest is to be added to allowed oversecured claims." *Loveridge, supra* at 573. Also see *In re Bormes*, 14 B.R. 895 (Bankr.D.S.D.1981).

Further support for the position that § 506(b) provides for interest on any oversecured claim can be found in *In re Hoffman*, 28 B.R. 503 (Bankr. 12 MA. 1983) where the Court held the I.R.S. was entitled to interest under § 506(b) (citing *In re Busman*, 5 B.R. 332 (Bankr.E.D.N.Y. 1980). This Court has not ignored the cases which reached a contrary result. See *In re Boston and Maine Corp.*, 719 F.2d 493 (1st Cir.1983). Cert. denied *sub nom, Cambridge v. Meserve*, 466 U.S. 938, 104

S.Ct. 1913, 80 L.Ed.2d 461 (1984); *United States v. Harrington*, 269 F.2d 719 (4th Cir.1959); *In re Venable*, 48 B.R. 853 (D.C. S.D.N.Y.1985); *In re Best Repair Company, Inc., supra; In re Trent, supra.* However, those cases either were called upon to interpret pre-code law or based their interpretation of § 506(b) on those pre code cases. The Court finds that those cases which denied interest on a non consensual lien were appropriate prior to the enactment of the code; however, we now have a new law in § 506(b) which provides for post-petition interest to any oversecured holder of a valid lien and it must be followed.

The rate of interest which the Internal Revenue Service is allowed is fixed according to 26 U.S.C. § 6621. *In re Hoffman*, 28 B.R. 503 (Bankr.D.Md.1983); *In re Busman*, 5 B.R. 332 (Bankr.E.D.N.Y.1980).

In light of *Colegrove*, the other applicable authorities and a careful reading of § 506(b) this Court finds that the Code permits post-petition interest to oversecured holders of all valid liens consensual or otherwise. Therefore, it is hereby

ORDERED that the Plaintiff's motion for summary judgment be, and it hereby is denied. It is further

ORDERED that the Defendant's cross motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that the Plaintiff pay the Defendant post-petition interest at the rate fixed by 26 U.S.C. § 6621.