**In the Matter of DAN–VER ENTER-PRISES, INC., Debtor.**

**Bankruptcy No. 79–887.
Motion No. 85–4220.**

United States Bankruptcy Court,
W.D. Pennsylvania.

April 22, 1986.

Paul M. Daniels, Pittsburgh, Pa., for debtor.

Edward A. Olds, Pittsburgh, Pa., for Louis & Evelyn Sapp.

Anthony A. Barrante, Pittsburgh, Pa., for subsequent creditors.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before this Court is a Motion by judgment lien creditors, Louis and Evelyn Sapp (hereinafter "Sapps"), requesting payment of the prepetition and postpetition interest on their judgment, the funds for said payment to be obtained from the proceeds of a sale of the Debtor's property.

A hearing on the matter was held on January 9, 1986, and the parties filed post-hearing briefs thereon. Pursuant to the hearing and subsequent briefs, along with our own research on the matter, we find that the Sapps are entitled to prepetition interest, but are not entitled to postpetition interest.

### FACTS

Dan-Ver Enterprises, Inc. (hereinafter the "Debtor") filed its Chapter 11 petition on November 2, 1979. The Debtor's only asset, an apartment building in Pittsburgh, Pennsylvania, was sold after the bankruptcy filing, bringing a sum of $344,000.00 to the estate. There presently remains $31,138.55 for distribution to creditors.

The Sapps filed judgment against the Debtor in the Court of Common Pleas of Allegheny County on November 17, 1977, the face amount of which was $41,010.64. The Sapps received $40,460.00 of this sum pursuant to this Court's Order for Distribution On January 9, 1986.

The Sapps contend they are entitled to the interest accrued from the time the judgment was filed to the commencement of this bankruptcy proceeding, and also to the interest accruing subsequent to the filing of the bankruptcy petition. The Sapps claim they are entitled to prepetition interest of $5,369.74, and postpetition interest, through November 3, 1985, of $14,763.78, for a total of $20,133.52.

Counsel for the Debtor does not dispute the Sapps' entitlement to prepetition interest, but alleges that they are not entitled to any postpetition interest. The Debtor asserts that allowance of postpetition interest is very limited and that the Sapps do not meet the requisite criteria for such an allowance.

Counsel for the subordinate judgment creditors claims that the Sapps are not entitled to any interest, either prepetition or postpetition. These creditors raise the same arguments as the Debtor on the issue of postpetition interest. They further allege that the Sapps' claim for prepetition interest should be denied because Mr. Sapp was at one time an officer of the Debtor.

### PREPETITION DEBT

The Sapps claim for prepetition interest is a matter of state law. 42 Pa.C.S.A. § 8101 provides that:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

The subsequent judgment creditors claim that Louis Sapp was an insider of the Debtor and should not be paid any further prepetition interest, which would cause their claims to be greatly impaired. However, the only allegation made is that Louis Sapp was Secretary for the Debtor in May of 1973. No proof has been offered to show that he was involved with the Debtor in 1977, when the judgment was entered, or in 1979, when the bankruptcy was filed.

 Under the Bankruptcy Code, insiders are those who have great influence over the Debtor. 11 U.S.C. § 101(28). Their claims can only be subordinated to the extent that they were insiders at the time the claim arose. 11 U.S.C. § 747. Furthermore, insiders can only be impaired to the extent that they received a preferential benefit within one year prior to the filing of the bankruptcy petition. 11 U.S.C. § 547(b)(4)(B).

 Finding no indication that either of the Sapps can be classified as insiders for the purpose of disallowing their claim for

prepetition interest, we hold that they are entitled to $5,369.74 in satisfaction of that claim.

## POSTPETITION INTEREST

It is a generally accepted principle of bankruptcy law that "the accumulation of interest on claims against a bankruptcy estate is suspended as of the date the petition in bankruptcy is filed." *Nicholas v. U.S.*, 384 U.S. 678, 86 S.Ct. 1674, 1678, 16 L.Ed.2d 853 (1966).

Three exceptions to this principle have developed:

(1) where the bankrupt ultimately proves to be solvent;

(2) where securities, held by the creditor, produce income after the filing of the petition; and

(3) where the amount of the secured creditor's security is sufficient to satisfy both the principal and interest due on the claim.

*See In re Boston and Maine Corp.*, 719 F.2d 493, 496 (1st Cir.1983).

The section of the Bankruptcy Code which deals with interest on secured claims, § 506(b), states:

> To the extent that an allowed secured claim is secured by property, the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The sentence structure of this paragraph has caused a great deal of confusion over the issue of postpetition interest. Specifically, the courts are split as to the propriety of awarding postpetition interest on non consensual liens. *In re Romano*, 51 B.R. 813 (Bkrtcy.M.D.Fla.1985) (postpetition interest allowed); *In re Best Repair Co., Inc.*, 50 B.R. 386 (E.D.Va.1985) (postpetition interest disallowed); *In re Trent*, 42 B.R. 279 (Bktcy.W.D.Va.1984) (postpetition interest disallowed); *In re Morissey*, 37 B.R. 571 (Bktcy.E.D.Va.1984) (postpetition interest allowed); *In re Loveridge Machine & Tool Co., Inc.*, 36 B.R. 159 (Bktcy.D.Utah 1983) (postpetition interest allowed); *In re Boston and Maine Corp.*, 719 F.2d 493 (1st Cir.1983) (postpetition interest disallowed); *In re Bormes*, 14 B.R. 895 (Bktcy.S.D.1981) (postpetition interest allowed).

■ We are convinced that the proper reading of the statutory language requires that postpetition interest be allowed only when the parties anticipated such accrual, through an initial agreement.

While the legislative history does not clearly speak to the issue, and the statutory language, as enacted, is ambiguous at best, we can determine that the relief requested by the Sapps is *not* what was intended, by examining the proposed language which was not adopted by Congress.

House Bill 8200, which covers the Bankruptcy Reform Act as drafted by the House of Representatives, contains the following language in Section 506(b):

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section is greater than the amount of such claim, there shall be allowed to the holder of such claim, *to the extent collectible under applicable law interest on such claim*, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose. (Emphasis added.)

The language actually adopted, as drafted by the U.S. Senate, specifically deleted the language which would have permitted postpetition interest on non consensual liens.

■ The equitable principles of bankruptcy law require that not only should the debtor receive a "fresh start", but also that the creditors should be treated fairly and equitably. To allow a non consensual creditor to absorb the majority of the Debtor's remaining assets, to the detriment of other non consensual creditors, merely for the

purpose of awarding postpetition interest, is not at all equitable.

 Having thus examined the full legislative history and the equities involved, it is clear to this Court that § 506(b) does not permit the accrual of postpetition interest on any liens not found to arise from a consensual agreement. Therefore, the Sapps' claim for postpetition interest must be denied.