**In re The CHARTER COMPANY, et al., Debtors.**

**Bankruptcy Nos. 84–289–BK–J–GP through 84–332–BK–J–GP inclusive, and 85–1033–BK–J–GP.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 31, 1986.

See also, D.C., 60 B.R. 854, and Bkrtcy., 56 B.R. 91.

Russell D. Castleberry, Jacksonville, Fla., for CIOC.

Jesse R. Pierce, Houston, Tex., for Payne & Keller Co., Inc.

**ORDER SUSTAINING IN PART OBJECTION TO CLAIM OF PAYNE & KELLER COMPANY, INC., AND DISALLOWING CLAIM OF CARDINAL INSULATION COMPANY**

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before the Court on the objection of Charter International Oil Company (hereinafter referred to as CICO) to proofs of claim 319–259 and 319–913 filed by Payne & Keller Company, Inc., (hereinafter referred to as P & K) in the amount of $2,923,619.61, and proof of claim 319–914 of Cardinal Insulation Company in an unspecified amount.

At the hearing on June 6, 1986, the parties filed a Joint Stipulation of Facts and Issues, and have submitted memorandums of law.

## I. *Facts*

CIOC filed a petition under 11 U.S.C. Chapter 11 on April 20, 1984. Prior to this date, P & K furnished labor and materials to CIOC at its Houston refinery. P & K perfected a mechanics' and materialman's lien in the principal amount of $2,909,-764.62 against the refinery.

By Order dated February 27, 1986, this Court authorized CIOC to sell the refinery free and clear of all liens with such liens attaching to the proceeds of sale. The sale of the refinery closed on March 12, 1986, and $7,804,000 of the proceeds were deposited into escrow in order to discharge all valid mechanics' liens against the refinery. In the Order of February 27, 1986, the Court found that equity existed in the property and directed CIOC to pay all claims against the property within thirty days of closing unless an objection to claim was filed within that time period.

CIOC timely filed an objection to the mechanics' lien claim of P & K stating that although P & K has a valid claim in the amount of $2,909,764.62, CIOC could withhold payment until it was determined whether P & K would be required to indemnify CIOC for personal injury claims arising from the refinery work. At present, all

of the personal injury claims are contingent and unliquidated. CIOC has not been found liable for the claims and has not paid any amount on these claims. In support of its position that it has authority to withhold payment until indemnity liability is determined, CIOC relies on twelve separate claims of which only three filed proofs of claims in this bankruptcy proceeding. P & K asserts that it has maintained insurance to cover any indemnity obligation it may owe to CIOC.

CIOC also objected to P & K's claim to the extent that P & K requested payment of $357,303.15 for post-petition interest and $70,000 for attorneys' fees.

Cardinal Insulation Company acknowledges there is no debt owed to it by debtor.

The issues before the Court are: (1) whether CIOC has the right to setoff the potential indemnity obligation against the liquidated mechanics' lien claims and to withhold payment until the indemnity obligation is determined; and (2) whether P & K, a non-consensual lienor, is entitled to post-petition interest and attorneys' fees pursuant to 11 U.S.C. § 506(b) when the work agreement does not provide for such items.

## II. *Setoff*

The Order dated February 27, 1986, directs CIOC to pay " . . . each claim that is not disputed as to validity or extent" while at the same time giving CIOC the right to assert objections. CIOC contends that the Order is ambiguous and does not by its language prohibit CIOC from withholding payment of P & K's claim.

Paragraph 9 of the work agreement provides that P & K will hold CIOC harmless from any and all claims, judgments, and awards for damages to property or injuries suffered by P & K employees arising out of work on the refinery unless such damage or injury was caused by the negligence of CIOC.[1] Paragraph 13 of the work agreement states that CIOC may deduct any sum which may be payable by P & K to CIOC for an obligation arising out of the subject work agreement.[2] CIOC relies on paragraph 13 as its authority for withholding payment.

■ Section 502 of the Bankruptcy Code states that a proof of claim which is filed pursuant to 11 U.S.C. § 501 is deemed allowed unless objected to by a party in interest. 11 U.S.C. § 502(a). If an objection is filed then the Court is to determine to what extent the claim is valid as of the date the petition is filed. 11 U.S.C. § 502(b). As admitted by CIOC, P & K has a valid claim for $2,909,764.62 as of the date of filing. There is no question that the claim is valid and enforceable. CIOC's assertion that it can withhold payment based on the language of the work agreement is not a cognizable theory under 11 U.S.C. § 502.

■ Alternatively, CIOC argues that 11 U.S.C. § 553 authorizes it to offset the potential debt owed by P & K against the mechanics' lien claim. CIOC relies on *In re Hoffman*, 51 B.R. 42 (Bkrtcy., W.D.Ark. 1985); *In re Lacklow Brothers, Inc.*, 22 B.R. 1022 (Bkrtcy., S.D.Fla.1982), and *In re Trending Cycles for Commodities, Inc.*, 6 B.R. 71 (Bkrtcy.S.D.Fla.1980), in support of its position. These cases are distinguishable from this matter because in each case the creditor involved was in possession of assets of the estate and § 553 was utilized to authorize the creditor to offset the claim it was owed against the estate assets it held.

P & K is not in possession of any assets of the estate and has no present right to setoff under § 553. Section 553, by its own terms, is available only to a creditor, not to a debtor or trustee. *In re Standard Furniture Co.*, 3 B.R. 527 (Bkrtcy., S.D. Calif.1980).

The only feasible theory upon which CIOC could rely is to assert a state law

---

1. Payne & Keller Company's brief in support of Order Denying Objection to Allowance of Claim of Payne & Keller Company, Exhibit A, "Work Agreement."

2. *Id.*

right to setoff. Texas law governs since P & K's claim arose in that state. See 11 U.S.C. §§ 502(a) and 558.

■ The work agreement provides that P & K will indemnify CIOC against damages or judgments. In Texas, a cause of action for this kind of indemnity arises when the indemnitee suffers actual loss by being compelled to pay. *Russell v. Lemons*, 205 S.W.2d 629 (Tex.Civ.App.—Amarillo 1947, writ ref'd n.r.e.); see also *Aetna Cas. & Sur. Co. v. Martin Surgical Supply Co.*, 689 S.W.2d 263, 272 (Tex.App.—Houston (1st Dist.) 1985, writ ref'd n.r.e.); and *Pate v. Tellepsen Constr. Co.*, 596 S.W.2d 548 (Tex.Civ.App.—Houston (1st Dist.) 1980, writ ref'd n.r.e.). The personal injury claims against CIOC have not been reduced to judgment nor has CIOC been compelled to pay any of the claimants, therefore, the indemnity obligation has not matured. An unmatured claim may not be offset against a matured claim unless the indemnitor is insolvent. *Collum v. Commercial Credit Co.*, 134 S.W.2d 826, 827 (Tex.Civ.App.—Amarillo 1939, writ dism'd w.o.j.). There is no allegation that P & K is insolvent or unable to pay if an indemnity obligation arises.

Accordingly, CIOC's objection to P & K's claim fails to the extent it seeks to withhold payment of the pre-petition amount due on the mechanics' lien.

### III. *Post-petition Interest and Attorneys' Fees*

CIOC objects to the allowance of post-petition interest and attorneys' fees because P & K is a nonconsensual lienor and these items were not provided for in the work agreement. Section 506(b) allows holders of a secured claim interest on such claim if the value of the property securing the claim exceeds the claims value and allows " ... any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

■ The plain language of § 506(b) allows all holders of secured claims, consensual or non-consensual, interest on their claims provided the claim is oversecured.

*Matter of Romano*, 51 B.R. 813, 815 (Bkrtcy, M.D.Fla.1985). See also *Best Repair Co., Inc. v. United States*, 789 F.2d 1080 (4th Cir.1986), *rev'g*, *In re Best Repair Co., Inc.*, 50 B.R. 386 (D.C., E.D.Va. 1985); *In re Henzler Mfg. Co.*, 55 B.R. 194, 197 (Bkrtcy, N.D.Ohio 1985); *In re Morrissey*, 37 B.R. 571, 573 (Bkrtcy, E.D.Va.1984); and *In re Loveridge Mach. & Tool Co., Inc.*, 36 B.R. 159, 163 (Bkrtcy., D.Utah 1983).

The applicable rate of interest under Texas law is six percent per annum commencing thirty days from the date of filing. See Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp.1986). P & K holds an oversecured claim and is entitled to interest at six percent per annum from May 20, 1984, on the principal amount of $2,909,764.62.

■ Even though § 506(b) authorizes all oversecured creditors the right to recover post-petition interest, it restricts the right to recover attorneys' fees to only those creditors who have bargained and provided for such fees in the underlying agreement. *In re Morrissey, supra* at 573; *In re Loveridge Mach. & Tool Co., Inc., supra* at 162. The work agreement between CIOC and P & K does not provide for attorneys' fees. P & K is not entitled to recover attorneys' fees from the bankruptcy estate.

Accordingly, it is ORDERED:

1. P & K's mechanics' lien claim is allowed in the amount of $2,909,764.62, together with interest of $357,303.15 through June 6, 1986, and thereafter at the rate of six percent per annum.

2. CIOC's objection to P & K's claim for attorneys' fees in the amount of $70,000.00 is sustained.

3. Cardinal Insulation Company's claim is disallowed based on its acknowledgment that no debt is owed.