In re John D. GILLILAND and Carol A. Gilliland, Debtors.

Bankruptcy No. 383–00610 M–13.

United States Bankruptcy Court,
N.D.Texas,
Dallas Division.

Nov. 25, 1986.

Elizabeth A. Bates, Dallas, Tex., for debtors.

Grover Hartt, II, Tax Div., Dept. of Justice, Dallas, Tex., for U.S.

## MEMORANDUM OPINION REGARDING POST–PETITION INTEREST

ROBERT C. McGUIRE, Chief Judge.

This matter came before the Court on October 17, 1986. The Court, having heard the arguments of counsel and having reviewed all briefs, makes the following findings of fact and conclusions of law.

### Background

The question before the Court is whether or not the Internal Revenue Service ("IRS") is entitled to post-petition interest on an oversecured tax lien pursuant to 11 U.S.C. 506(b), which states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

There is no dispute about the calculation of the amount of the interest or the fact that the IRS lien claim, plus the additional interest, is oversecured. The stipulated interest amount is $13,818.30, which represents the interest on the claim that accrued during the three-year period between the filing of the petition and the confirmation of the plan.

### Discussion

Our discussion begins with noting that there is an important difference between an oversecured and undersecured creditor in their entitlement to interest for the period following the filing of the bankruptcy petition. "... [S]ome secured creditors may be able to get post-bankruptcy interest under section 506(b). If the secured creditor is oversecured, i.e., if the value of the

collateral exceeds the pre-bankruptcy debt (including pre-bankruptcy interest), then the secured creditor can receive post-bankruptcy interest...." WARREN & WESTBROOK, THE LAW OF DEBTORS AND CREDITORS at 223, Little, Brown and Company (1986).

Next, we note that, in the present case, prior to the debtors' bankruptcy filing, the IRS had perfected its tax lien and seized the debtors' residence. The IRS's seizure of the debtors' residence was to satisfy liens for various unpaid taxes. Professors Warren and Westbrook, state: "Until the [tax] lien is filed, however, it is treated much like an unfiled security interest.... After the tax lien is filed, however, the TIB [Trustee in Bankruptcy] must recognize the lien in bankruptcy and treat the government as it does other perfected secured parties." *Id.* at 463. Clearly, the academic view is that § 506(b) permits post-petition interest on oversecured tax liens.

The courts, however, are split on the issue. The most recent Circuit Court case is *Best Repair Co., Inc. v. United States,* 789 F.2d 1080 (4th Cir.1986). The *Best Repair* court held that § 506(b) permits an oversecured creditor to recover post-petition interest on a non-consensual claim such as tax liens. The court held that the United States, as an oversecured creditor, could recover its post-petition interest on a tax lien against the debtor. *Best Repair* implicitly overruled an earlier Fourth Circuit case, *United States v. Harrington,* 269 F.2d 719 (4th Cir.1959). *Harrington,* a case under the Bankruptcy Act, held that the IRS was not allowed post-petition interest on its tax liens. The difference between these cases is the adoption of § 506(b) in the 1978 Bankruptcy Code. This Court finds that the more recent Fourth Circuit case (which is a Bankruptcy Code case) is controlling in the present case.

The only relevant Texas case is *McKee Aviation, Inc.,* Case no. 5–84–00687–11 (Bkrtcy.W.D. TX April 7, 1986). In *McKee,* Chief Judge Joseph C. Elliott ruled that, since the IRS was oversecured, the IRS had a secured claim that included post-petition interest. Judge Elliott ruled: "The Court further finds that the IRS's secured claim includes post petition interest under 11 U.S.C. 506(b). This Court finds the language of that section unequivocal in providing interest to any oversecured creditor, while limiting fees, costs, or charges to consensual lienholders." (Cites omitted). This Court is in accord with the opinion of Judge Elliott.

The debtors cite several cases that employ the consensual versus nonconsensual distinction. These cases are considerably older and were decided under the Bankruptcy Act. The theory in these cases is that oversecured consensual lienholders are entitled to post-petition interest, but oversecured nonconsensual lienholders are not so entitled. This Court finds that logic to be flawed. The IRS should be no better off nor worse off than any other secured creditor. The IRS deserves equal treatment when compared to any other oversecured creditor.

The most recent District Court case is *Ron Pair Enterprises, Inc.,* 86–2 U.S.T.C. ¶ 9642 (E.D.Mich. June 30, 1986). In *Ron Pair,* District Judge Horace W. Gilmore reversed the Bankruptcy Court and ruled that the plain language of § 506(b) entitled the United States to post-petition interest on its oversecured claim. Judge Gilmore ruled: "... [T]he United States, [sic] is entitled to post-petition interest on its oversecured pre-petition tax claim pursuant to the provisions of 11 U.S.C., Section 506(b)." Again, this Court is in agreement with the result that was reached by Judge Gilmore.

There are several Bankruptcy Court cases that allowed post-petition interest on oversecured nonconsensual liens. *See, In re Bormes,* 14 B.R. 895 (Bkrtcy.D.S.D. 1981); *In re Loveridge Machine & Tool Co., Inc.,* 36 B.R. 159 (Bkrtcy.D.Utah); *In re Morrissey,* 37 B.R. 571 (Bkrtcy.E.D. VA 1984). In addition, there are several Bankruptcy Court cases that specifically allow the IRS to receive post-petition interest on its oversecured tax liens. *See, In re Henzler Manufacturing Co.,* 55 B.R. 194

(Bkrtcy.N.D.Ohio 1985); *In re Busman*, 5 B.R. 332 (Bkrtcy E.D.N.Y.1980); *In re Hoffman*, 28 B.R. 503 (Bkrtcy D. MD 1983). Certainly, the great weight of the authority supports the position that the IRS is advocating in this case.

### Conclusion

It was well-settled that, prior to the Code and § 506(b), the United States was not entitled to post-petition interest on an oversecured tax lien. However, after the enactment of the Code and § 506(b), the law and cases have turned to support the government's position.

Accordingly, this Court finds that the IRS is entitled to $13,818.30 in post-petition interest as it was an oversecured creditor. The Court further finds that the debtors must include this amount in their Chapter 13 plan, in addition to the pre-petition secured amount of $30,217.11.

The Court reserves the right to make further findings of fact and conclusions of law, if necessary. Where appropriate, a finding of fact shall be considered a conclusion of law, and *vice versa*.

An appropriate order will be entered in accordance with the foregoing opinion.