In re Felix and Irma LAZA, Debtors.

Bankruptcy No. 884–41572–18.

United States Bankruptcy Court,
E.D. New York.

Feb. 3, 1987.

Steinberg & Scupp, Forest Hills, N.Y., for debtors.

Hector A. Martinez, Jr., Jackson Heights, N.Y., for Second Mortgagees, Gonzalez.

Richard McCord, Glen Cove, N.Y., Trustee.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

The debtors, Felix and Irma Laza, filed a Chapter 13 petition in bankruptcy under title 11 of the U.S.C. on October 5, 1984. Their proposed plan of reorganization was confirmed on December 4, 1984.

At the time the petition was filed, debtors owned a one-family residence in Richmond Hill, New York (the "property"), which was encumbered by first and second mortgages.

Subsequent to the confirmation of the debtors' plan, the property was sold for $55,000.00, a sum sufficient in magnitude to satisfy the principal, accrued interest, and expenses on the first mortgage with a resulting surplus of $24,320.52.

The second mortgagees, Aglae and Noemy Gonzalez, filed a proof of claim on November 14, 1984 in the sum of $9,300.17, including principal and interest through October 28, 1984.

From January 11, 1985 through August 8, 1986 payments totalling $1,394.17 were made by the debtors to the Gonzalezes pursuant to their plan of reorganization. When the property sale was closed, the debtors made an additional payment of $7,906.00 to the second mortgagees.

The Gonzalezes contend that pursuant to § 506(b) an additional $2,804.82 is due for post-petition interest accrued at the contract rate of 16% per annum on their secured claim. The disputed sum is presently held in escrow.

Section 506(b) provides:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b). "The plain language of § 506(b) allows all holders of secured claims ... interest on their claims provided the claim is oversecured," (citation omitted). *In re Charter Co.*, 63 B.R. 568, 15 C.B.C.2d 387, 390 (Bankr.M.D.Fla.1986); *In re Klein*, 10 B.R. 657 (Bankr.E.D.N.Y. 1981).

In the case at bar, the sale of the property produced a sum in excess of the first and second mortgages, resulting in the second mortgagees' statutory entitlement to post-petition interest.

The Gonzalezes argue that the interest rate intended by the language of § 506(b) is the contract rate of 16% per annum. The debtors contend, however, that 11 U.S.C. § 1325(a)(5)(B)(ii) is determinative of the applicable interest rate. Both are mistaken in their conclusions. In *In re Klein*, 10 B.R. 657 (Bankr.E.D.N.Y.1981), this court stated that the "discount rate embodied in Section 1325(a)(5)(B)(ii) ... [ought] not be confused with a creditor's right to interest on its secured claim under Section 506(b)." *In re Klein*, 10 B.R. at 661 (Bankr.E.D.N.Y.1981); citing *In re Hyden*, 10 B.R. 21 (Bankr.S.D.Ohio 1980). Section 1325(A)(5)(B)(ii), generally referred to as the "cram down provision," compensates the creditor for depreciation of the collateral over the term of the Chapter 13 plan while § 506(b) permits interest only in cases in which the value of the collateral exceeds the secured claim. *In re Klein*, 10 B.R. at 661.

■ Jurisdictions have split over the interpretation of § 506(b). Some courts have construed the modifying clause, "provided under the agreement," to refer to both the post-petition interest rate payable to an oversecured creditor and the payments of "reasonable costs and fees." *In re Loveridge Machine & Tool Co.,* 36 B.R. 159 (Bankr.D.Utah 1983); *In re Elmwood Farm, Inc.,* 19 B.R. 338 (Bankr.S.D.N.Y. 1982). Other courts note the punctuation of § 506(b) and conclude that since the phrase "interest on such claim" is set off by commas, it is independent of the modifying clause "provided under the agreement." *In re Marx,* 11 B.R. 819, 820 (Bankr.S.D.Ohio 1981); *In re Minguey,* 10 B.R. 806, 808 (Bankr.W.D.Wis.1981); *In re Anderson,* 28 B.R. 628 (S.D.Ohio 1982), citing with approval, *In re Marx, supra.* The court follows the latter line of reasoning and permits a reasonable post-petition interest rate approved on a case by case basis. *In re Klein,* 10 B.R. at 661 (Bankr. E.D.N.Y.1981); *In re Miguey,* 10 B.R. at 808 (Bankr.W.D.Wis.1981). Consistent with this construction of § 506(b), the court finds that based on today's money market opportunities, 8% per annum is a reasonable post-petition interest rate. Accordingly, the amount due the second mortgagees is $1,448.47. See accompanying Schedule.

■ In addition to post-petition interest, the Gonzalezes move the court for payment of $150 for attorney's fees incurred in the preparation and delivery of a satisfaction. The motion for payment of these fees is denied. Section 506(b) specifically permits payment of attorney's fees only in situations which were "provided for under the agreement." 11 U.S.C. § 506(b). The secured creditors fail to provide even a scintilla of evidence that these attorney's fees were part of the mortgage agreement. Consequently, the payment of these fees is not within the purview of § 506(b).

SETTLE ORDER.

SCHEDULE

| | | |
|---|---|---|
| Proof of Claim 10/28/84 | $ 9,300.70 | |
| Interest 10/29/84–1/11/85 | 150.84 | 9,451.01 |
| Payment 1/11/85 | | (149.17) |
| Balance | $ 9,301.84 | |
| Interest 1/12/85–4/11/86 | 927.64 | 10,229.48 |
| Payment 4/11/86 | | (191.00) |
| Balance | 10,038.48 | |
| Interest 4/12/86–5/9/86 | 59.41 | 10,097.89 |
| Payment 5/9/86 | | (383.00) |
| Balance | 9,714.89 | |
| Interest 5/10/86–6/13/86 | 72.40 | 9,787.29 |
| Payment 6/13/86 | | (192.00) |
| Balance | 9,595.29 | |
| Interest 6/14/86–7/11/86 | 56.78 | 9,652.07 |
| Payment 7/11/86 | | (191.00) |
| Balance | 9,461.07 | |
| Interest 7/12/86–8/8/86 | 55.99 | 9,517.06 |
| Payment 8/8/86 | | (288.00) |
| Balance | 9,229.06 | |
| Interest 8/9/86–10/10/86 | 125.41 | 9,354.47 |
| Payment 10/10/86 | | (7,906.00) |
| Balance Due | $ 1,448.47 | |