In re Carl Arthur **PETERSEN, DBA Petersen Construction Co.; CAPCO Investments Rental Properties; Commercial Properties; Petersen & Assoc.; KP Sand & Gravel, Inc.; 4–D Rentals, Inc.; Northwest Collections & Property Management, Inc., Debtor-in-possession.**

**Bankruptcy No. 683–07082(b).**

United States Bankruptcy Court, D. Oregon.

June 7, 1984.

Steven Y. Orcutt, Holmes, DeFrancq and Schult, Portland, Oregon, for creditor/plaintiff.

H. Thomas Evans, Evans and Armstrong, Eugene, Oregon, for debtor/defendant.

### FINDINGS OF FACT

POLLY S. WILHARDT, Bankruptcy Judge.

A. 2710 Edison/2711 Side Street

1. The minimum amount owed the movant, Oregon First Bank (hereafter Bank) by the debtor-in-possession (hereafter Petersen) to June 1, 1984 is $55,763.00. This figure includes the stipulated claimed amount of $50,042.00 as of February 1, 1983 plus 10% interest on the debt principal alone from February 1, 1983 to June 1, 1984.

2. The minimum total the Bank must recover from this property to recover its investment at this time is $55,763.00 plus the stipulated real property taxes of $5,817.00, or $61,500.00.

3. Pursuant to the evidence, the highest possible fair market value for this property is $58,900.00.

B. 2740 Edison Street

1. The minimum amount owed the Bank by Petersen to June 1, 1984 is $31,684.00. This figure includes the stipulated claimed amount of $28,587.00 as of February 1, 1983 plus 9¾% interest on the debt principal alone from February 1, 1983 to June 1, 1984.

2. The minimum total the Bank must recover from this property to recover its investment at this time is $31,684.00 plus the stipulated real property taxes of $3,643.00, or $35,327.00.

3. Evidence demonstrated the fair market value of the property is $30,000.00. Don Courtney, a well-qualified appraiser, by his own admission and other evidence, tends to produce conservative appraisals. Carl Petersen testified he would be prepared to sell his properties for a small down payment and carry the properties at an interest rate below that possibly available to the buyer at a commercial lending institution. The *quid pro quo* for these attractive terms is a higher purchase price. Such a selling approach indicates a strong desire to sell. This court does not believe the fair market value figures quoted by Mr. Petersen are reflective of the true fair market values of these properties. Fair market value has traditionally been defined by case law as that price at which a willing seller *under no compulsion* (emphasis added) and a willing buyer under no compulsion will trade. Distress sales can be suggested not only by lower prices but by lower acceptable down payments and interest rates resulting in a higher sales price.

C. 2750 Edison Street

1. The minimum amount owed the Bank by Petersen to June 1, 1984 is $31,885.00. This figure includes the stipulated claimed amount of $28,764.00 as of February 1, 1983 plus 9¾% interest on the debt principal alone from February 1, 1983 to June 1, 1984.

2. The minimum total the Bank must recover from this property to recover its investment at this time is $31,885.00 plus the stipulated real property taxes of $3,643.00, or $35,528.00.

3. Evidence demonstrated the fair market value of the property is $30,000.00. The courts comments in paragraph 3 for 2740 Edison Street are also applicable to this property.

D. 2780 Edison Street

1. The minimum amount owed the Bank by Petersen to June 1, 1984 is $33,326.00. This figure includes the stipulated claimed amount of $29,988.00 as of February 1, 1983 plus 10% interest on the debt principal alone from February 1, 1983 to June 1, 1984.

2. The minimum total the Bank must recover from this property to recover its investment at this time is $33,326.00 plus the stipulated real property taxes of $3,749.00, or $37,075.00.

3. Evidence demonstrated the fair market value of this property is $34,000.00. The court's comments in paragraph 3 for 2740 Edison Street are also applicable to this property.

E. 2820 West 18th Avenue

1. The minimum amount owed the Bank by Petersen to June 1, 1984 is $37,864.90. This figure includes the amount the Bank placed on its proof of claim as owing it as of February 1, 1983 plus 10% interest on the debt principal and accrued interest from February 1, 1983 to June 1, 1984.

2. The minimum the Bank must recover from this property to recover its investment at this time is $37,864.90 plus the stipulated real property taxes of $2,300.00, or $40,164.90.

3. Petersen sold this property on a land sale contract in August 1983 for $43,500.00 with a very low down payment and a low interest rate. As the initial monthly payments under the contract do not cover the interest due, the principal amount due on the contract has increased since the date of sale. Thus, Petersen testified the fair market value on the property is presently $43,753.00. This reasoning accentuates the error in trying to determine the fair market value of a property based on a purchase price with this type of negative amortization debt repayment structure.

CONCLUSIONS OF LAW

1. The Bank has an allowed secured claim arising out of the financing of each of the properties before the court. Pursuant to 11 U.S.C. § 506(b), to the extent each secured claim is secured by property the value of which is greater than the amount of the claim, the Bank may collect post-petition interest on the claim. The interest to be collected is the contract rate if there is a contract. *In re Loveridge Mach. & Tool Co.*, 36 B.R. 159, 11 B.C.D. 485 (Bankr.D. Utah 1983). The Bank's contract rates of interest are 9¾% and 10%.

2. 11 U.S.C. § 362(g)(2) place on Petersen the burden of proving the properties before the court were necessary for an effective reorganization. Petersen presented no evidence to support such a finding. As this burden of proof was not met, this court must assume that for purposes of 11 U.S.C. § 362(d)(2)(B), each property is not necessary to an effective reorganization.

3. The relief afforded by 11 U.S.C. § 362(d) is in the disjunctive. If relief is granted the creditor under subsection (d)(2), the court need not address the issue of requested relief under subsection (d)(1).

4. Petersen has indicated he disagrees with the amount shown on the Bank's proof of claim as pre-petition accrued debt on the property at 2820 West 18th Avenue. 11 U.S.C. § 502(a), which applies to chapter 11 reorganizations, § 103(a), states a claim is "deemed allowed" unless a party in interest objects. The burden of proving a claim is incorrect is on the objecting party. *In re Coleman American Companies, Inc.*, et al, 26 B.R. 825, 10 B.C.D. 185 (Bankr.D. Kans.1983). Petersen failed to support his objection with any evidence. This court was not told even what portions of the itemized claim were objected to. The claim thus is deemed allowed in the amount shown thereon of $33,587.90. The language of the promissory note attached to this claim allows the Bank interest upon default at 10% per annum on "the entire unpaid balance." This court has interpreted that language to allow 10% simple interest on both unpaid principal and accrued unpaid interest. It does not allow interest to be charged on the costs and expenses of collecting on the note.

5. Regarding the property located at 2820 West 18th Avenue, for the reasons stated above, this court is reluctant to accept the sales price of $43,500.00 as reflective of the true value of this property. Even if this court were to find the fair market value of the property were presently $43,500.00, the minimum amount the Bank must recover from this property to recover its investment is already close to that figure. In less than a year the interest accrued to the Bank will increase the total amount due the Bank plus priority real property taxes to $43,500.00. There was evidence the property values are not increasing in Eugene due to the continuing local recession. The Bank's "equity cushion", if any, is very thin. The cushion, if real, will disappear in a short time. There is a lack of exactitude in property appraisal and in the economy which cautions against relying too heavily on narrow margins based on these estimates. *LaJolla Mortgage Fund v. Rancho El Cajon Assocs.,* 18 B.R. 283 (Bankr.S.D.Cal.1982). For these reasons this court finds that the Bank's interest in this property is inadequately protected. The concept of adequate protection requires the debtor to propose a form of relief that will protect the creditor's interest in the property. *In re Monroe Park,* 17 B.R. 934 (D.Del.1982). It is not the court's duty to propose adequate protection. *Monroe, Id.; In re Robson,* 10 B.R. 362 (Bankr.N.D.Ala.1981).

Pursuant to 11 U.S.C. § 362(g)(2) Petersen has the burden of establishing there is adequate protection of the Bank's interest.

6. Petersen has failed to present any evidence to support a finding of adequate protection nor has he made, during the court proceedings, any proposals to the Bank for adequate protection. The court finds that cause exists under § 362(d)(1) to terminate the automatic stay as to the property located at 2820 West 18th Avenue to allow the Bank to proceed with its foreclosure action thereon.

7. The court further finds that with regard to the properties located at 2710 Edison/2711 Side Street, 2740 Edison Street, 2750 Edison Street and 2780 Edison Street the debtor-in-possession has no equity in such properties and they are not necessary to an effective reorganization. Thus, as to these properties, and pursuant to § 362(d)(2), the automatic stay should be terminated to allow the Bank to complete its foreclosure proceedings thereon.

A consistent order herewith will be entered.