HARRISON L. WINTER, Chief Judge:
 

 The government appeals from the judgment of the district court denying it post-petition interest on its tax lien against property of the bankrupt debtor, Best Repair Company, Inc. The district court ruled that § 506(b) of the Bankruptcy Code (11 U.S.C.) prohibits the recovery of post-petition interest on nonconsensual claims such as tax liens. Convinced that the plain terms of § 506(b) require a contrary result, we reverse.
 

 I.
 

 On July 23,1983, the debtor, Best Repair Company, Inc., filed for reorganization under Chapter 11 of the Bankruptcy Code. The government filed proofs of claim for unpaid withholding and social security taxes, along with accumulated penalties and interest, totalling $57,838.26. The government secured this claim by a tax lien against real property of Best Repair. Best Repair admitted its liability for. the pre-petition taxes, penalties, and interest, as well as the fact that the value of the property securing the claim exceeded the total amount claimed by the government.
 

 The sole dispute is over Best Repair’s contention that the government has no right to collect interest that accumulated
 
 after
 
 the filing of the bankruptcy petition. The bankruptcy court held that § 506(b) does authorize the collection of post-petition interest on tax liens, and awarded the government approximately $10,000 for such interest. The district court reversed. The district court found § 506(b) ambiguous and concluded that pre-Bankruptcy Code authority forbidding post-petition interest on nonconsensual secured claims was still controlling.
 

 II.
 

 The dispositive issue in this case is the proper interpretation of 11 U.S.C. § 506(b), which reads:
 

 To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.
 

 The government and the bankruptcy court read the qualifying language “provided for under the agreement under which such claim ai’ose,” as applying only to “any reasonable fees, costs, or charges.” Thus, the holder of
 
 any
 
 “allowed secured claim” is entitled to “interest on such claim,” provided, as here, that the creditor is oversecured (i.e., “secured by property the value of which,” after the trustee’s expenses “is greater than the amount of such claim”).
 

 Best Repair, however, interprets the requirement of an “agreement under which the claim arose” to apply equally to “interest on such claim.” Under this view, non-consensual creditors secured by a lien instead of an agreement, as the government is here, would not be entitled to post-petition interest on the claim.
 
 [1]
 
 The district court found this construction plausible, and held that § 506(b) was too ambiguous to overturn pre-Code authority forbidding post-petition interest on nonconsensual, ov-ersecured tax claims.
 
 See City of New York v. Saper,
 
 336 U.S. 328, 332, 69 S.Ct. 554, 556-57, 93 L.Ed. 710 (1949);
 
 United
 
 
 *1082
 

 States v. Harrington,
 
 269 F.2d 719, 721-22 (4 Cir.1959). .
 

 We think, however, that the latter view strains the plain meaning of the language and grammar of the provision. Congress stated: “there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.” The phrase “interest on such claim” is set off by commas, and the following phrase is introduced by “and any.” The effect of this usage is to make “interest on such claim” a separate and distinct clause to which “provided for under the agreement” does not apply. If Congress had wanted the agreement proviso to limit “interest on such claim” to consensual claims, it could have easily have done so by listing seriatim and in parallel form the different items an over-secured creditor can recover subject to an agreement.
 
 [2]
 
 Though Congress could have more clearly separated the interest clause from the agreement clause, we think that the natural meaning of its chosen words is to permit post-petition interest on nonconsen-sual oversecured claims.
 
 [3]
 

 The district court and Best Repair rely on an argument expressed in 3
 
 Collier on Bankruptcy
 
 § 506.05 (L. King 15th ed. 1985) to explain the grammar of § 506(b) in a manner consistent with their position.
 
 Collier on Bankruptcy
 
 suggests that “ ‘interest on such claim’ is separated by a comma from the [agreement phrase] ... to make clear that interest was to be allowed only to the extent it accrued on the claim (as opposed to any other amount).” But that purpose is sufficiently served by qualifying “interest” with “on such claim.” Further, the Congress could have limited interest to the underlying claim, and still made it clear that post-petition interest on nonconsensual claims is forbidden by adopting one of the constructions previously suggested.
 
 [4]
 

 We do not suggest that § 506(b) is so clear that we would not consider its legislative history to aid our interpretation. But we agree with the district court that the legislative history is “wholly inconclusive” because no reference is made to “interest.”
 
 See
 
 S.Rep. No. 95-989, 95th Cong., 2d Sess. 68,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News at 5787, 5854; H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 356-57,
 
 reprinted in
 
 1978 U.S.Code Cong.
 
 &
 
 Ad.News at 5963, 6312. There is, therefore, no reason to depart from the natural import of the language itself.
 

 III.
 

 We therefore hold that § 506(b) permits an oversecured creditor to recover post-petition interest on nonconsensual claims such as tax liens. Though no other circuit has to our knowledge addressed this issue directly, we note that our decision is consistent with the majority of lower court decisions,
 
 e.g., In re Morrissey,
 
 37 B.R. 571 (Bankr.E.D.Va.1984);
 
 In re Hoffman,
 
 28 B.R. 503 (Bankr.D.Md.1983), and the dictum in
 
 Cardinal Federal Savings & Loan Association v. Colegrove,
 
 771 F.2d 119, 122 (6 Cir.1985) (§ 506(b) “provides for interest on all allowed secured claims where the
 
 *1083
 
 value of the security is greater than the claim”).
 

 REVERSED.
 

 [1]
 

 .
 
 Pre-
 
 petition interest would be allowed under this view because interest accrued prior to the bankruptcy petition is included as part of the "allowed secured claim.”
 

 [2]
 

 .At least two constructions would sufficiently state the meaning Best Repair advances. Congress could have stated: "there shall be allowed to the holder of such claim, interest on such claim and reasonable fees, costs, and charges provided for under the agreement under which such claim arose.” Alternatively, the agreement proviso could be placed first: “there shall be allowed to the holder of such claim, as provided for under the agreement under which such claim arose, interest on such claim and any reasonable fees, costs or charges.”
 

 [3]
 

 . Thus, Congress might have more clearly stated what we deem already apparent by adding the following bracketed material: "there shall be allowed to the holder of such claim [i] interest on such claim, and [ii] any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.” Unlike the alterations in footnote two, however, we think this minor addition comports with the existing meaning of the provision.
 

 [4]
 

 .
 
 See supra
 
 note 2.