In re Luis MALDONADO and Alice Maldonado, Debtors.

Bankruptcy No. 83 B 20446.

United States Bankruptcy Court, S.D. New York.

July 1, 1986.

Henry J. Logan, Westchester Co. Atty., White Plains, N.Y., for Dept. of Social Services; Antoinette M. McCarthy, Sr. Asst. Co. Atty., of counsel.

Barbara Balabar-Strauss, New York City, for Trustee.

## DECISION ON OBJECTION TO PROPOSED DISTRIBUTION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Westchester County Department of Social Services ("Westchester"), holder of a secured claim which is junior to that of the first mortgagee, Ponce de Leon Federal Savings Bank (the "Bank"), objects to a proposed distribution in this Chapter 7 case to the extent that the Bank receives any interest on advances made by the Bank towards the payment of taxes and insurance on the debtors' home.

### FACTS

On September 6, 1983 the debtors, Luis Maldonado and Alice Maldonado, filed with this court their voluntary joint petition for relief under Chapter 7 of the Bankruptcy Code. They then owned as tenants by the entirety real estate occupied by them as their residence in Yonkers, New York. The debtors' schedules filed with this court list their residence as valued at $55,000, subject to a purchase money first mortgage held by the Bank in the principal amount of $34,831.71, together with loan arrears, outstanding interest, late charges and tax escrow deficiency, for a total secured indebtedness of $44,309.42.

The trustee in bankruptcy sold the debtors' real estate with the consent of the mortgagee Bank for $68,000. The net proceeds available for distribution after the payment of local taxes amounted to $65,-688.00. The mortgagee Bank has filed a claim for $65,453.18, which includes a principal balance of $32,910.70, interest on principal of $19,869.63, advances for taxes and insurance of $9,025.78, late charges of $1,022.40 and interest on advances for taxes and insurance of $2,624.67.

Westchester has filed a claim in excess of $11,000 pursuant to its second mortgage on the debtors' home for public assistance given to the debtors. Westchester maintains that the Bank is secured to the extent of $62,828.51, but is not entitled to a secured claim for the $2,624.67 claimed as interest on the Bank's advances for taxes and insurance on the debtors' home.

The debtors' mortgage to the Bank, dated March 21, 1977, covers a principal indebtedness of $36,000. Paragraph 2 of this mortgage provides that the mortgagors "will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagee's default in so insuring the buildings...." The mortgage is silent as to the payment of interest on advances made by the mortgagee for insurance.

Paragraph 4 of the March 21, 1977 mortgage provides that the mortgagors must pay any and all taxes on their real estate and "in default thereof, the mortgagee may pay the same. In the event that the mortgagee shall pay any such tax ... the mortgagee shall have the right to declare the amount so paid *with interest thereon* immediately due and payable...." (emphasis added). Thus, the March 21, 1977 mortgage gives the mortgagee the right to collect for interest on the taxes paid by the mortgagee with respect to the debtors' real estate.

On January 30, 1981, the Bank, as mortgagee, and the debtors, as mortgagors, entered into an extension agreement calling

for equal monthly installment payments of $425.90 per month, inclusive of interest at the rate of 15 percent per annum until April 1, 1997. Pursuant to paragraph 2 of the extension agreement the mortgagors agreed to reimburse the Bank for any insurance premiums paid by the Bank covering the debtors' premises. In paragraph 6 of the extension agreement the Bank is authorized to pay any taxes with respect to the debtors' premises which they fail to pay. The extension agreement is silent as to the Bank's right to receive interest on its advances for insurance or taxes.

## DISCUSSION

As the holder of a secured claim in the amount of $65,453.18 against the net proceeds of $65,688 realized from the trustee's sale of the debtors' real estate, the Bank occupies the status of an oversecured creditor. Accordingly, 11 U.S.C. § 506(b) governs the Bank's right to claim interest on its advances for the payment of taxes and insurance on the debtors' real estate. This section provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The second mortgagee, Westchester, argues that the first mortgagee Bank is not entitled to receive interest on its advances for taxes and insurance because the mortgage and the extension agreement do not expressly provide for interest on these advances. The Bank contends that it is entitled to interest for its tax and insurance advances because it is an oversecured creditor specifically authorized to claim interest pursuant to 11 U.S.C. § 506(b).

The Bank's right to collect interest on its advances for taxes is specifically provided for in paragraph 4 of the March 21, 1977 mortgage. However, neither the mortgage nor the extension agreement calls for interest on insurance advances made by the mortgagee.

The second mortgagee, Westchester, believes that the first mortgagee Bank's right to charge interest as an oversecured creditor for its insurance and tax advances is limited to the extent that interest on these items is "provided for under the agreement under which such claim arose" as expressed in 11 U.S.C. § 506(b). The Bank's interest claim is premised on the interpretation that the clause "provided for under the agreement", as used in 11 U.S.C. § 506(b), refers only to the phrase "and any reasonable fees, costs, or charges", as stated in 11 U.S.C. § 506(b) and that an oversecured creditor is entitled to collect interest on its claim even if the agreement under which the claim arose is silent as to the subject of interest.

The Fourth Circuit Court of Appeals has recently held in *Best Repair Company, Inc. v. U.S.*, 789 F.2d 1080 (4th Cir.1986) that § 506(b) permits an oversecured creditor to recover post-petition interest on nonconsensual claims, such as tax liens, notwithstanding that there existed no agreement under which interest was provided for to support the claim. The court noted that the phrase "interest on such claim", as used in 11 U.S.C. § 506(b), is a separate and distinct clause to which the phrase "provided for under the agreement" does not apply. Thus, the Fourth Circuit interpreted 11 U.S.C. § 506(b) as providing two separate authorizations for recovering interest, i.e. that there shall be allowed to the holder of an oversecured claim "[*i*] interest on such claim, and [*ii*] any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." *Best Repair Company, Inc. v. U.S.*, 789 F.2d, at 1082 n. 3. Similarly, in *Cardinal Federal Savings & Loan Association v. Colegrove (In re Colegrove)*, 771 F.2d 119 (6th Cir.1985) the Sixth Circuit Court of Appeals held that an oversecured mortgagee was entitled to receive interest on mortgage arrears despite the absence of a spe-

cific clause in the loan agreement providing for interest on mortgage arrearages.

The appropriate rate of interest to which an oversecured creditor is entitled to receive interest pursuant to 11 U.S.C. § 506(b) is the contract rate, which in this case is 15 percent per annum. *Hunter v. The Ohio Citizens Bank (In re Henzler Mfg. Co.)*, 55 B.R. 194, 196 (Bankr.N.D. Ohio 1985); *In re Corliss*, 43 B.R. 176, 178 (Bankr.D.Ore.1984); *In re Peterson*, 42 B.R. 42, 44 (Bankr.D.Ore.1984); *Maimone v. Columbia Savings Bank (In re Maimone )*, 41 B.R. 974, 979 (Bankr.D.N.J.1984); *In re Loveridge Machine & Tool Company, Inc.*, 36 B.R. 159, 162–163 (Bankr.D. Utah 1983).

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the persons in this case in accordance with 28 U.S.C. § 1344 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. The first mortgagee Bank, as an oversecured creditor, is entitled under 11 U.S.C. § 506(b) to receive interest on its advances for taxes on the debtors' premises as provided for under paragraph 4 of the mortgage dated March 21, 1977.

3. The first mortgagee Bank, as an oversecured creditor, is also entitled under 11 U.S.C. § 506(b) to receive interest on its advances for insurance on the debtors' premises although such interest is not expressly provided for in the mortgage and extension agreement in question.

4. The interest rate applicable to the Bank's claim for interest on its advances for insurance premiums and taxes is the contract rate, namely 15 percent per annum as provided for in the extension agreement dated January 30, 1981.

5. Westchester's objection to the proposed distribution of $64,405.78 by the trustee in bankruptcy to the mortgagee Bank, on the ground that it includes interest on advances for taxes and insurance premiums in the sum of $2,624.67, is denied.

SETTLE ORDER on notice.