In re NEWBURY CAFE, INC., d/b/a 29 Newbury, Debtor.

COMMONWEALTH OF MASSACHU-SETTS, Plaintiff, Appellant,

v.

NEWBURY CAFE, INC., Defendant, Appellee.

No. 87-1964.

United States Court of Appeals, First Circuit.

Heard Feb. 1, 1988.

Decided March 8, 1988.

Leonard M. Goldberg, Massachusetts Dept. of Revenue, Legal Bureau, with whom Michael E. Porter, Chief, Legal Bureau, James M. Shannon, Atty. Gen., and Jane S. Schacter, Asst. Atty. Gen., Boston, Mass., were on brief, for plaintiff, appellant.

Christopher W. Parker with whom Hinckley, Allen, Snyder & Comen, Boston, Mass., was on brief, for defendant, appellee.

Before COFFIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and PETTINE,[*] Senior District Judge.

BAILEY ALDRICH, Senior Circuit Judge.

In this case we are asked to decide whether a so-called oversecured taxing authority may recover from a bankrupt's estate interest on its debt accruing during the bankruptcy proceedings. Plaintiff Massachusetts Department of Revenue ("DOR") holds a statutory lien, Mass.G.L. c. 62C § 50, on the property of debtor Newbury Cafe, Inc. ("Newbury"). The value of the property subject to the lien exceeds the sum of the principal amount of the tax debt plus pre-petition interest, and DOR sought in the bankruptcy court a ruling that section 506(b) of the Bankruptcy Code of 1978, as amended in 1984 (11 U.S.C. § 506(b)), entitled it to interest which accrued on its debt after the filing of the petition. The bankruptcy judge, declining to follow the ruling of a fellow judge, *In re Angelo Russo*, 63 B.R. 335 (Bkrtcy.D.Mass.1986), ruled in favor of Newbury's trustee. 72 B.R. 478. The district court affirmed, 80 B.R. 259, construing section 506(b) consistently with judicial decisions prior to the Code, hereinafter pre-Code law, that restricted post-petition interest to those oversecured creditors whose liens were the product of a pre-petition bargain. We affirm.

The dispute derives from the unfortunate grammar of section 506(b), which, with our additions of emphasis, provides,

> To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, *interest on such claim*, and any reasonable fees, costs, or charges *provided for under the agreement under which such claim arose.*

The primary question is whether the emphasized proviso clause modifies all the words beginning with "interest," or, instead, modifies only those words between the two emphasized expressions, thereby allowing interest without exception. The majority of courts construing this section have held that the initial comma insulates the word (and the concept of) "interest" from the effect of the proviso clause, with the result that interest is allowed to every oversecured creditor, non-consensual source of the lien notwithstanding. *In re Best Repair Company, Inc.*, 789 F.2d 1080 (4th Cir.1986) (collecting cases).

The allowance of post-petition interest to a creditor is an exception to a fundamental tenet of bankruptcy law, which, in effect, freezes the affairs of the debtor at the time of the petition. Under the 1978 Bankruptcy Code, the freeze as to accrual of interest is accomplished by section 502(b)(2), disallowing claims for unmatured interest. Pre–Code law held post-petition interest generally unrecoverable. *In re Boston & Maine Corp.*, 719 F.2d 493, 496 (1st Cir. 1983), *cert. denied*, 466 U.S. 938, 104 S.Ct. 1913, 80 L.Ed.2d 461 (1984); *City of New York v. Saper*, 336 U.S. 328, 332, 69 S.Ct. 554, 556, 93 L.Ed. 710 (1949); *Sexton v. Dreyfus*, 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244 (1911). The courts recognized three exceptions. Interest might accrue: (1) where it eventuated that the debt-

---

[*] Of the District of Rhode Island, sitting by designation.

or is in fact solvent; (2) where securities, held by the creditor as security for the debt, produced income after the filing of the petition; and (3) where the value of the secured creditor's contracted security was sufficient to satisfy both principal and interest due on the secured claim. *Boston & Maine,* 719 F.2d at 496 and cases cited; *In re Lykens Hosiery Mills,* 141 F.Supp. 895, 897 (S.D.N.Y.1956).

As we observed in *Boston & Maine,* the existence and scope of the three exceptions was a function of the equitable powers of the bankruptcy court, and, in light of equitable considerations, we there joined four other circuits in holding that the third exception extended only to claims secured by bargained-for or consensual liens. *See In re Kerber Packing,* 276 F.2d 245, 247–48 (7th Cir.1960); *United States v. Mighell,* 273 F.2d 682, 684 (10th Cir.1959); *United States v. Bass,* 271 F.2d 129, 131 (9th Cir. 1959); *United States v. Harrington,* 269 F.2d 719, 723–24 (4th Cir.1959). No court of appeals took a contrary position. Our question is whether section 506(b)'s codification removed that limitation.

DOR goes so far as to tell us that the limitation-removal language is "clear and unambiguous." If anything seems clear, it is that that is not so. We accordingly look to legislative history, and to what seems the more natural, and the more reasonable, in light of the Code as a whole.

We start with the fact that even DOR's leading authority, *Best Repair Co.,* conceded that the legislative history is "wholly inconclusive." 789 F.2d at 1082. In light of the uniform and extensive pre-Code law, that void is a serious obstacle for DOR, particularly in a bankruptcy matter. In *Midlantic National Bank v. New Jersey Department of Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed. 2d 859 (1986), the Court said, at 501,

> The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific. [citation omitted] The Court has followed this rule with particular care in construing the scope of bankruptcy codifications.

These words were quoted and relied on as a, if not the, ground for disagreeing with *Best Repair* in *In re Ron Pair Enterprises, Inc.,* 828 F.2d 367, 370, 372–73 (6th Cir.1987)[1]. We find that opinion persuasive. Nothing affirmatively rebuts the initial inference that Congress had no intention, in enacting section 506(b), to change existing law. Instead, it is to be noted that the other two exceptions to postpetition interest stated in *Boston & Maine* were preserved intact. *See* sections 552(b) and 726(a)(5); *Boston & Maine,* 719 F.2d at 496. It is only reasonable to assume that the drafters of the Code were familiar with existing law, and would not, without good cause, break up its symmetry.

In this circumstance DOR is reduced to pinning its hopes on one, what one court has termed "capricious," comma. *See In re Dan–Ver Enters., Inc.,* 67 B.R. 951 (W.D.Pa.1986). A comma, often a matter of personal style, is a very small hook on which to hang a change in the law of substantial proportions. Especially should this be so when the law was so fully supported for the reasons given in *Boston & Maine.* We need not repeat them, finding ourselves in agreement with *In re Ron Pair Enterprises, Inc.,* which, too, needs no elaboration.

*Affirmed.*

---

1. In this matter of importance to the bankruptcy bar the trustee's brief fails to cite *In re Ron Pair Enterprises,* though directly in point and published four months before, and rests its argument (apart from a 70 line quotation from our *Boston & Maine* opinion) on a bankruptcy decision from another circuit without noting that it had been reversed. We trust that the bankruptcy trustee will bear the worth of this brief in mind and the argument based thereon, when it determines its value to the estate.