In the Matter of UNITED REFINING COMPANY, United Refining Company of Pennsylvania, and Kiantone Pipeline Corporation, Debtors.

UNITED REFINING COMPANY, United Refining Company of Pennsylvania and Kiantone Pipeline Corporation, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF the TREASURY INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy Nos. 83–03935–H2–5 to 83–03937–H2–5.

United States Bankruptcy Court, S.D. Texas, Houston Division.

April 22, 1988.

David Dykhouse, Patterson, Belknap, Webb & Tyler, New York City.

Patrick Hughes, Sheinfeld, Maley & Kay, Houston, Tex., for plaintiffs.

Waymon G. Dubose, Jr., Atty. Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

### MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

RANDOLPH F. WHELESS, Jr., Bankruptcy Judge.

Facts:

The IRS filed a "Motion for Relief From the Automatic Stay" on September 14, 1987 in the case of United Refining Company, United Refining Company of Pennsylvania and Kiantone Pipeline v. the United States Department of the Treasury Internal Revenue Service. In their motion, they sought modification of the stay to allow the IRS to offset its pre- and post-petition claims against a refund owed to the Debtors. The refund originated from an overpayment by United Refining Company ("United") from the carryback of a net operating loss and unused investment tax credits in 1979.

Debtors responded by filing "Answer to United States of America's (Internal Revenue Service) Motion for Relief from Stay," on September 25, 1987. In addition, Debtors commenced an adversary on October 6, 1987. (Adv. no. 87–1072). In the adversary, the Debtors sought turnover of property, (the refund); a judicial determination of the amount, validity and priority of the IRS claims, including the claim by the IRS for post-petition interest pursuant to 11 U.S.C. § 506(b); and challenged the off-set rights of the IRS.

---

Subsequently the IRS, subject to a "Stipulation and Order" signed by this Court on March 14, 1988, withdrew their objection to the Plan of Reorganization. A Plan of Reorganization was confirmed on January 22, 1988 (subject to specified technical modifications and presentation of an Order of Confirmation.)

The above-referenced "Stipulation and Order" provides for a lifting of the automatic stay to permit the "Allowed IRS Claim" in the amount of $3,604,401.00. The "Stipulation and Order" expressly left open the rights of the parties to litigate both the IRS claim for post-petition interest, and the "Penalty Claim". Debtors have presented this Court with numerous letter briefs citing authorities for the proposition that the IRS is not entitled to payment of post-petition interest, and this opinion will address that point.

DISCUSSION

Two recent Circuit cases are dispositive as to the issue of whether the IRS is entitled to post-petition interest on its claim. *In re Ron Pair Enterprises, Inc.*, 828 F.2d 367 (6th Cir.1987) involved a Chapter 11 debtor who contended that 11 U.S.C. § 506(b) did not require a Plan of Reorganization to provide for payment of post-petition interest to the IRS on its claim. The parties stipulated that the claim of the IRS was oversecured.

The Court first looked to pre-Code law which established several exceptions to the general rule of payment of post-petition interest to an over-secured creditor. Essentially, courts had carved out an exception which provided that payment of post-petition interest was not appropriate when the lien was non-consensual (i.e. tax liens). The Sixth Circuit, after a thorough analysis of pre-Code law and consideration of the rules of statutory construction, held that 11 U.S.C. § 506(b) did not authorize payment of post-petition interest on a non-consensual lien.

*In re Newbury Cafe, Inc.*, 841 F.2d 20 (1st Cir.1988) also dealt directly with the issue of whether an oversecured taxing authority is entitled to post-petition interest from a debtor's estate on its claim. The Massachusetts Department of Revenue ("DOR") had sought a finding that 11 U.S. C. § 506(b) provided for post-petition interest on the nonconsensual tax lien it held on the Debtor's property.

The First Circuit looked directly to the words of § 506(b) as much of the confusion over the payment of post-petition interest on a nonconsensual lien has resulted from the grammatical structure of § 506(b). The section provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The issue is whether "provided for under the agreement" modifies "interest on such claim" as well as "any reasonable fees, costs, or charges," or just the latter. Specifically, does the comma placed after "interest on such claim," prevent that phrase's inclusion into the limitations provided for by § 506(b)?

Basing their decision on the well-founded precept of statutory construction that "... if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific.", the Court found that § 506(b) did not allow post-petition interest to an oversecured non-consensual lienholder (i.e. the DOR) *See Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986).

In view of the two well-reasoned opinions cited above, this Court finds that the IRS is not entitled to post-petition interest based on 11 U.S.C. § 506(b). This opinion does not address the issue of the "Penalty Claim." Counsel for United is to present an Order consistent with this opinion within 10 days of the receipt of it.