In re RON PAIR ENTERPRISES, INC., Debtor.

UNITED STATES of America, Plaintiff–Appellee,

v.

RON PAIR ENTERPRISES, INC. d/b/a Midwest International Environmental Division and d/b/a Industrial Environmental Supply Company, Defendant–Appellant.

No. 86–1785.

United States Court of Appeals, Sixth Circuit.

Argued June 18, 1987.

Decided April 26, 1989.

I. William Cohen, Hertzberg, Jacob, and Weingarden, P.C., Detroit, Mich., Jo Ann Stevenson (argued), for defendant-appellant.

David H. Dickieson, Dept. of Justice, Washington, D.C., Mark E. Rizik, Detroit, Mich., Michael L. Paup, Roger M. Olsen, Tax Div., Dept. of Justice, Washington, D.C., Wynette J. Hewett (Martha B. Brissette, argued), for plaintiff-appellee.

Before KENNEDY and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.

PER CURIAM.

In *United States v. Ron Pair Enterprises, Inc.,* ——— U.S. ———, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), *rev'g* 828 F.2d 367 (6th Cir.1987), the Supreme Court reversed this court's previous opinion which held that section 506(b) of the 1978 Bankruptcy Code, 11 U.S.C. § 506(b), does not authorize the payment of postpetition interest on an oversecured prepetition claim when that claim is nonconsensual in nature. The Supreme Court held that section 506(b) unambiguously authorizes the payment of such interest. For this reason, we vacate our

original opinion and affirm the judgment of the district court.

The facts in this case are not in dispute and have been summarized as follows in this court's previous opinion:

Debtor filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code on May 1, 1984, in the United States Bankruptcy Court for the Eastern District of Michigan. The Government filed timely proof of a prepetition claim in the amount of $53,277.93, comprised of assessments for unpaid withholding and social security taxes, penalties and prepetition interest. The Government's claim was properly perfected through a tax lien.

Debtor's First Amended Plan of Reorganization was filed on October 1, 1985. The Plan provided for the payment of the Government's prepetition tax claim, including prepetition interest which had accrued on that claim, but it did not provide for the payment of postpetition interest on that claim. Accordingly, the Government filed a timely objection to the Plan claiming, among other things, that section 506(b) of the 1978 Bankruptcy Code allows for the payment of postpetition interest since the assets securing the Government's claim exceeded the amount of the principal debt. A hearing was held before the Bankruptcy Court on December 3, 1985, at which time the parties stipulated that the collateral securing the Government's claim was adequate to pay that claim as well as postpetition interest on that claim; in other words, they stipulated that the claim was oversecured.

828 F.2d at 368–69 (footnote omitted).

The sole issue is whether section 506(b) authorizes the payment of postpetition interest on an oversecured prepetition claim when that claim is nonconsensual. The Bankruptcy Court held that section 506(b) did not authorize the payment of postpetition interest on the Government's prepetition tax claim. The district court, relying on *In re Best Repair Co.,* 789 F.2d 1080 (4th Cir.1986), and *In re Colegrove,* 771 F.2d 119 (6th Cir.1985), reversed the Bankruptcy Court's judgment and held that the

plain language of section 506(b) entitled the Government to such interest.

The Supreme Court has agreed. Accordingly, this court's previous opinion is VACATED, and the district court's judgment is AFFIRMED.